S. T. ENTERPRISES, INC., Plaintiff-Appellee, *v.* BRUNSWICK CORPORATION, Defendant-Appellant.

(No. 57157; ▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—February 21, 1973.

*Rehearing denied April 3, 1973.*

George W. Hamman, of Mayer, Brown & Platt, of Chicago, for appellant.

Maurice L. Davis and Samuel S. Berger, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The plaintiff, S. T. Enterprises, Inc., brought this action in the Circuit Court of Cook County on November 4, 1971, seeking a declaration of rights and an injunction restraining the Brunswick Corporation from seizing certain bowling equipment of which the plaintiff is presently in possession. It was alleged that Brunswick claimed the right to possess the equipment under a judgment in its favor against Thunderbird Bowl, Inc., S. T.'s predecessor in interest, and that Brunswick intended to have the equipment seized by the Sheriff of Cook County. It was further alleged that were the equipment to be seized, irreparable injury would result to the plaintiff's business.

A hearing was held on December 2, 1971, and a temporary injunction was entered restraining Brunswick from seizing the equipment or instituting any action in replevin for its possession. Following this, the plaintiff filed a motion for summary judgment, requesting a permanent injunction. Brunswick filed a motion to dismiss, asserting that the plaintiff had failed to establish any right to relief. A hearing was had on January 10, 1972, at which the trial court granted the plaintiff's motion and entered an order finding that Brunswick was not entitled to possession of the equipment and permanently enjoining Brunswick from seizing it

through any process issued upon its judgment against Thunderbird Bowl or from instituting any replevin action for its possession. At this hearing the court also denied Brunswick's motion to dismiss, and Brunswick appealed.

The facts which give rise to this controversy are as follows. In 1962 Thunderbird Bowl, Inc., and other interested parties created a bowling establishment in Mount Prospect, Illinois. In connection with this, they purchased 36 bowling lanes and related equipment from Brunswick under a conditional sales contract and note. In February, 1966, payments on the note were discontinued, and shortly thereafter Brunswick demanded repossession of the equipment. At this time there was a balance due under the conditional sales contract of $379,690. In October, 1966, Thunderbird Bowl and others filed suit against Brunswick seeking damages for fraud and breach of warranty and reformation of the conditional sales contract. In April, 1967, Brunswick filed a replevin action seeking possession of the equipment and, by subsequent amendment, other relief. In its replevin affidavit Brunswick valued the equipment at $74,000. The sheriff returned the replevin writ "found", and Thunderbird gave a forthcoming bond of $148,000 and retained possession of the equipment.

In October, 1967, while the above actions were pending in the trial court, Thunderbird transferred its interest in the equipment to S. T. Enterprises, the plaintiff herein. S. T. took possession of the equipment with knowledge of the pending litigation, that it had not been paid for and that it was subject to a recorded security interest in favor of Brunswick. S. T. has operated the bowling establishment from that date to the present.

On September 16, 1971, judgment was entered in the two actions, which were consolidated for trial. In cause number 66 Ch 6064, the suit filed against Brunswick, the court found in favor of Brunswick. In the replevin action, cause number 67 L 5624, Brunswick was awarded possession of the equipment and damages for its wrongful detention in the amount of $157,456.80. Thunderbird and the other plaintiffs appealed these judgments to this court, and Brunswick cross-appealed from another portion of the judgment, which dismissed Count III of its amended complaint. We have this day rendered an opinion in that appeal, which was filed in this court under docket number 56554. We affirmed the judgment in favor of Brunswick in cause number 66 Ch 6064. In cause number 67 L 5624 we affirmed the judgment entitling Brunswick to possession of the equipment, and modified the damages awarded for wrongful detention, reducing them from $157,456.80 to $18,243.05, based upon the value of the equipment set by Brunswick in its replevin affidavit. Further details

of our holdings, as well as the facts which form the background of the case presently before us may be found in that opinion.

In the present appeal Brunswick contends that (1) the judgment in its favor in the replevin action is *res judicata* and cannot be collaterally attacked by S. T.; (2) upon entry of a final judgment in its favor in the replevin action, the defendants must return the equipment if it is still in existence and (3) that it was error for the court in effect to force a sale of the equipment at the replevin valuation price. In opposition to this, S. T. contends that (1) having had one judgment in replevin against its predecessor, Brunswick may not bring another replevin action for possession of the same property, but is limited to an action on Thunderbird's forthcoming bond and (2) the present action is not a collateral attack on the judgment in the replevin action.

In view of our holding in case number 56554, we do not believe it necessary to consider these contentions. There we held that the interest of Brunswick in the equipment was that of a secured creditor and that the equipment had a value of $74,000, as declared by Brunswick in its replevin affidavit. We also held that Brunswick was entitled to $18,243.05 for wrongful detention of the equipment and that upon payment of these sums, a total of $92,243.05, Thunderbird or its successor would be entitled to possession. In the present case, S. T. is Thunderbird's successor in interest, and upon payment to Brunswick by Thunderbird or its successor of $92,243.05 they will be entitled to possession of the equipment. In view of this, it is our conclusion that the injunction against Brunswick was properly entered and accordingly it is affirmed on the condition of payment to Brunswick of $92,243.05.

The judgment of the trial court is affirmed as modified, and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed as modified.

ADESKO and DIERINGER, JJ., concur.